UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAELS STORES PROCUREMENT CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>DMR CONSTRUCTION, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§ Case No. 3:18-cv-1436<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Michaels Stores Procurement Co., Inc. ("Plaintiff" or "Michaels") files this Original Complaint against Defendant DMR Construction, Inc. ("DMR") and hereby alleges as follows:

### I.   PARTIES

1. Plaintiff Michaels Stores Procurement Co., Inc. is a corporation organized and existing under the laws of the State of Delaware. Its principal place of business is in Irving, Texas. Accordingly, Michaels is a Delaware and Texas citizen for purposes of diversity jurisdiction.

2. Defendant DMR Construction, Inc. is a limited liability company organized and existing under the laws of the Massachusetts. Its principal place of business is at 229 Main Street, North Easton, Massachusetts 02356. DMR may be served with process through its registered agent Richard Cohen, 229 Main Street, North Easton, Massachusetts 02356.

## II.     JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. 1332(a) because the parties are citizens of different States and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

4. Venue is required in the Northern District of Texas because the construction agreement dated October 29, 2017 between the parties states that "Venue for any litigation, dispute, claim concerning, arising under, pursuant to, in relation to, or arising out of this Contract shall be in Dallas County, Texas."

5. The Court has personal jurisdiction over DMR because it consented to jurisdiction in Texas through an exclusive venue provision.

## III.     FACTUAL BACKGROUND

### A. Michaels and DMR Enter into a Construction Agreement.

6. Michaels, headquartered in Irving, Texas, is the procurement arm of The Michaels Companies, Inc., the largest arts and crafts specialty retailer in North America by store count.

7. DMR is a Massachusetts-based general contractor that specializes in commercial construction projects.

8. Michaels Companies typically hires general contractors such as DMR to handle the construction of new stores.

9. On October 29, 2017, Michaels and DMR entered into a construction agreement (the "Agreement") to build a new Michaels retail store at the Mall at Cross County in Yonkers, New York.

10. David Cohen, DMR's Vice-President, executed the Agreement on behalf of DMR.

11. Under the Agreement, DMR, the "Contractor" under the Agreement, agreed to complete construction of the store for a total of $1,064,875.40.[1]

12. DMR also agreed that its "Applications for Payment shall not include requests for payment for portions of the Work for which the Contractor does not intend to pay a Subcontractor or supplier, unless such Work has been performed by others whom the Contractor intends to pay."

13. Further, DMR agreed to take prompt action discharge any mechanics' or material suppliers' liens that might be "asserted or filed against the Project as a result of the Contractor's construction activities or those or [*sic*] any Subcontractors, Sub-subcontractors or material suppliers."

### B. DMR Breaches the Agreement by Failing to Pay Subcontractors.

14. In early 2018, Michaels learned that several subcontractors had placed liens on the unfinished Yonkers store because DMR had failed to pay them for their work.

15. Michaels later learned that DMR had also stopped paying other subcontractors.

16. Michaels contacted DMR and requested that DMR pay the required amounts to the subcontractors in order to remove the liens from the property.

---

[1] The parties agreed to reduce the original amount—$1,080,328.40—by $15,453 because DMR requested not to be obligated to obtain a performance bond.

17. DMR strung Michaels along for several weeks by repeatedly promising to pay the subcontractors for the work performed. Indeed, Michaels had already paid these amounts to DMR for this very purpose).

18. DMR never paid the subcontractors, and it became clear to Michaels that DMR had no intention of doing so in any reasonable amount of time.

19. DMR's refusal to pay its subcontractors forced Michaels to pay the subcontractors directly to avoid defaulting on its lease with the Yonkers mall.

20. Michaels timely notified DMR of its claim for the amounts it paid directly to DMR's subcontractors.

21. DMR refuses to repay Michaels for these extra payments and has now ceased all communication.

## IV.   CAUSES OF ACTION

### A. Breach of Contract

22. Michaels incorporates the preceding paragraphs as if fully set forth herein.

23. Michaels has fully performed its obligations under the Agreement; DMR, however, has not.

24. DMR's non-performance of the terms of the Agreement constitutes a breach of the Agreement.

25. Because of DMR's non-performance and breach, Michaels has incurred monetary damages in excess of $75,000.

26. Under applicable law, DMR is also obligated to pay all reasonable and necessary attorney's fees and costs associated with the recovery of damages caused by DMR's breach of contract.

## V.　ATTORNEYS' FEES AND COSTS

27.　Michaels incorporates the preceding paragraphs as if fully set forth herein.

28.　Michaels is entitled to recover the full amount of its reasonable attorneys' fees costs, and expenses incurred in pursuing its claims in this action pursuant to Texas Civil Practice and Remedies Code §§ 37.001 and 38.001 *et seq*, Federal Rule of Civil Procedure 54, applicable law, and/or a proper extension of applicable law.

29.　Michaels is also entitled to recover its reasonable attorney's fees and Court costs under Section 15.4.2 of the Agreement.

30.　Michaels requests an award of reasonable attorneys' fees, expenses, and costs incurred.

## VI.　CONDITIONS PRECEDENT

31.　All conditions precedent to the contract or claims alleged in this case have been performed, excused, waived or otherwise satisfied as required by applicable law including, but not limited to, the presentment of attorneys' fees claim.

## VII.　JURY DEMAND

32.　Plaintiff demands a trial by jury on all claims for which the law provides a right to jury trial.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

1.　Enter a judgment for Plaintiff Michaels for damages in excess of $75,000, including actual, consequential, and incidental damages, plus pre- and post-judgment interest.

2. Award Plaintiff Michaels all expenses incurred in bringing these claims, including without limitation reasonable attorneys' fees and costs.

3. Award Plaintiff Michaels such other and further relief, both special and general, at law or in equity, to which they may show themselves to be justly entitled.

DATED: June 5, 2018

Respectfully submitted,

*/s/ Michael K. Hurst*
Michael K. Hurst
State Bar No. 10316310
mhurst@lynnllp.com
Shonn Brown
State Bar No. 24007164
sbrown@lynnllp.com
Russell G. Herman
State Bar No. 24083169
rherman@lynnllp.com
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone:   214.981.3800
Facsimile:    214.981.3839

**ATTORNEYS FOR PLAINTIFF MICHAELS STORES PROCUREMENT CO., INC.**