UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAELS STORES PROCUREMENT CO., INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:18-CV-1436-B |
| DMR CONSTRUCTION, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Michaels Stores Procurement Co., Inc.'s request for attorney's fees and costs (Doc. 13), filed on November 16, 2018, against Defendant DMR Construction, Inc. For the following reasons the Court **GRANTS** Plaintiff's request.

## I.

## BACKGROUND

This case arises from a construction agreement between Plaintiff and Defendant. Plaintiff Michaels Stores Procurement Co., Inc. filed this case on June 5, 2018, alleging that Defendant DMR Construction, Inc.'s non-performance of the terms of their agreement constituted a breach of contract. Doc. 1, Compl., ¶ 24. After Defendant failed to file any responses, this Court entered an Order of Default Judgment against Defendant on October 23, 2018. Doc. 12, Mem. Op. Order. The Court granted Plaintiff's request for damages in the amount of $448,036.95 plus post-judgment interest. *Id.* at 10–11. And because Plaintiff did not include evidence of attorney's fees or costs

incurred in its Motion for Default Judgment, this Court allowed Plaintiff to supplement the record to provide such evidence. *Id.* at 9–11.

Plaintiff seeks $24,265.00 in attorney's fees and $759.90 in costs. Doc. 13, Pl.'s Notice of Suppl. Evid., 2. In support of this request, Plaintiff submits the declaration of its attorney, A. Shonn Brown, the billing records of its law firm, Lynn Pinker Cox & Hurst, L.L.P., and its Bill of Costs. Doc. 14, Pl.'s. App., 1–6, 9, 22–23. The Court now reviews this supplemental evidence.

## II.

## ANALYSIS

*A.   Attorney's fees*

A prevailing party in a civil action may recover attorney's fees from a corporation in a claim for a written contract. Tex. Civ. Prac. & Rem. Code § 38.001(8); *see also* Fed. R. Civ. P. 54(d)(2). While § 38.001 (8) uses the term "may", "the Texas Supreme Court has declared that attorneys' fees under section 38.001 are not discretionary." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603 n.3 (5th Cir. 2000) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998)). This is true even in the default judgment context. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990) (upholding an award of attorney's fees granted as part of a default judgment).

The Fifth Circuit has described the basic procedure and standard for determining attorney's fees as follows:

> The determination of a fees award is a two-step process. First the court calculates the "lodestar" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the

> lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

*Smith v. Acevedo*, 478 Fed. App'x 116, 124 (5th Cir. 2012) (quoting *Jimenez v. Wood Cty*, 621 F.3d 372, 379–80 (5th Cir. 2010)). The *Johnson* factors are: (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717–19. Accordingly, the Court will look to the presented evidence and apply the lodestar method and make adjustments, if necessary, with respect to the *Johnson* factors.

The first step in the lodestar analysis requires the Court to determine the reasonable number of hours expended by Plaintiff's attorneys on the lawsuit, as well as the reasonable hourly rate for the attorneys involved. *Smith*, 478 Fed. App'x at 124. The party requesting fees has the burden of establishing a reasonable hourly rate. *Kryptek Outdoor Grp., LLC v. Salt Armour, Inc.*, 2016 WL 7757267, at *5 (E.D. Tex. Mar. 28, 2016) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). "The reasonable hourly rate is the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *BMO Harris Bank, N.A. v. RidgeAire, Inc.*, 2014 WL 12612803, at *1 (E.D. Tex. June 4, 2014) quoting *Blum*, 465 U.S. at 896 n.11.).

Here, Plaintiff's attorney, Brown, has provided a time sheet indicating the amount of work performed in the case. Doc. 14, Pl.'s App., 10–21. Attorney Brown performed 4.1 hours of work at a rate of $575.00 per hour and 11.6 hours of work at a rate of $525.00 per hour; Attorney Michael

K. Hurst performed 1.9 hours of work at a rate of $675.00 per hour and 2.9 hours of work at a rate of $600.00 per hour; Attorney Russell Herman performed 29.9 hours of work at a rate of $375.00 per hour; Paralegal Beverly Congdon performed 6.5 hours of work at a rate of $225.00 per hour; and Paralegal Tonia Ashworth performed 1.7 hours of work at a rate of $225.00 per hour. *Id.*

After reviewing Attorney Brown's declaration as well as the supporting invoices, the Court finds that the time expended by the attorneys and their paralegals was reasonable. Nothing indicates that any individual was billing for "excessive, duplicative, or inadequately documented" time. *See Smith*, 478 Fed. App'x at 124. Consequently, the Court accepts these hours as part of its lodestar calculation.

With respect to the hourly rates, the Court also finds the amounts were reasonable. Attorney Brown avers that her rate, as well as the rates of other attorneys and paralegals on this case, is in line with the range of fees customarily charged in the Dallas, Texas, area by lawyers with similar experience and expertise. Doc. 14, Pl.'s App. 3. While some of the rates are on the higher end of those typically seen in the Dallas, Texas, area, they are reasonable given the attorneys' and paralegals' experience. *See Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, 298 F. Supp. 3d 892, 906 (E.D. Tex. 2017) (also acknowledging that rates on the higher end of the spectrum may be reasonable given the circumstances of the representation). Thus, in light of her declaration, as well as the Court's own knowledge of rates charged for legal services by attorneys in the area with similar levels of skill, experience, and competence, the Court is comfortable using the hourly rates provided.

Accordingly, the Court finds the attorney's fees to be: (1) $8,447.50 for Attorney Brown (4.1 hours x $575.00 + 11.6 hours x $525.00); (2) $3,022.50 for Attorney Hurst (1.9 hours x $675.00 + 2.9 hours x $600.00); (3) $10,950.00 for Attorney Herman (29.2 hours x $375.00); (4) $1462.50

for Paralegal Congdon (6.5 hours x $225.00); and (5) $382.50 for Paralegal Ashworth (1.7 hours x $225.00). Considering the twelve *Johnson* factors described above, the Court does not find it necessary to make any adjustment to these figures. Accordingly, Plaintiff's request for attorney's fees is granted in the amount of $24,265.00.

*B.     Costs*

A prevailing party in a civil action is entitled to recover its costs unless a federal statute, the federal rules, or the court provides otherwise. *See* Fed. R. Civ. P. 54(d)(1). Taxable court costs include: (1) fees paid to the clerk and marshal; (2) court reporter fees for all or part of the deposition transcript; (3) witness fees and related expenses; (4) printing costs; and (5) fees for copies of papers necessarily obtained for use in the case. 28 U.S.C. § 1920. Here, Plaintiff seeks $759.90 in costs, namely the filing fee ($400.00), the service of process fees ($359.50), and its printing fees ($0.40). Doc. 14, Pl.'s App. 22–23. These are both reasonable and taxable under the law. *See Blake Box v. Dallas Mexican Consulate Gen.*, 2014 WL 3952932, at *6 (N.D. Tex. Aug. 8, 2014), *aff'd sub nom. Box v. Dallas Mexican Consulate Gen.*, 623 F. App'x 649 (5th Cir. 2015). Therefore, the Court grants Plaintiff's request for costs in the amount of $759.90.

### IV.

### CONCLUSION

For the above-stated reasons, the Court **GRANTS** Plaintiff's request for attorney's fees and costs. Specifically, the Court **GRANTS** Plaintiff's request for attorney's fees in the amount of $24,265.00, and Plaintiff's request for costs in the amount of $759.90.

SO ORDERED.

SIGNED: January 31, 2019.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE